IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ADRIAN SMITH,** | ) | CASE NO. 4:23-CV-02327 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **COUNTY OF MAHONING, et al.,** | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff Adrian Smith filed this action *pro se* to challenge the conditions of his confinement in the Mahoning County Justice Center as a federal pretrial detainee. R. 1. He brings this civil rights action seeking monetary damages and injunctive relief for deliberate indifference to his constitutional rights. *Id.* He sues Mahoning County, the Mahoning County Commissioners, the Mahoning County Sheriff, and the Mahoning County Justice Center Warden, Assistant Warden, and Administrator in their official and individual capacities. *Id.* at PageID#: 2–3. He seeks $1,200,000.00 in damages. *Id.* at PageID#: 7.

## I. Background

Plaintiff was indicted in federal court on August 25, 2022, on one count of Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances, and three counts of Distribution of Cocaine Base ("Crack"). *United States v. Smith*, 1:22-cr-00498-BMB-6 (N.D. Ohio indict. Aug. 25, 2022). He is currently in the custody of the United States Marshals being

detained in the Mahoning County Justice Center. The claims asserted in his Complaint pertain to his conditions of confinement in the Mahoning County Justice Center. *See generally* R. 1.

Plaintiff identifies nine conditions within the Justice Center to which he objects. *Id.* at PageID#: 3–6. First, he alleges that the Mahoning County Justice Center does not have a law library, nor does it provide a legal assistance program for inmates. *Id.* at PageID#: 3. Second, he alleges the facility does not offer G.E.D. or self-help programming. *Id.* at PageID#: 4. Third, he contends that the facility has served food trays with rocks, glass, or bugs on them. *Id.* Fourth, he states that kosher food trays are supposed to be untouched but have been served with mold on the food or a hair on the tray. *Id.* Fifth, he alleges that the Mahoning County Justice Center receives federal funding to provide federal detainees with special food. *Id.* He claims they are served the same food as the county and state detainees, and no fruit is ever served. *Id.* Sixth, Plaintiff contends the facility has an unusually high number of inmate-on-inmate assaults, inmate-on-staff assaults, and incidents of violence due to overcrowding and insufficient staffing. *Id.* Seventh, he claims detainees are frequently locked down for lengthy periods of time. *Id.* at PageID#: 5. Eighth, he alleges the showers have black mold and the facility does not provide proper cleaning supplies to detainees. *Id.* at PageID#: 6. Finally, Plaintiff alleges his shoes cause lower back pain because they have no arch support. *Id.* He claims the Defendants have acted willfully, wantonly, purposefully and with deliberate indifference to his rights. *Id.* at PageID#: 5.

## II.     Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief

can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### A. Individual Capacity vs. Official Capacity

Plaintiff brings his claims against the Defendants in their individual and official capacities. R 1, at PageID#: 1. Individual capacity claims seek to hold a Defendant personally liable for damages. These claims must be based on the Defendant's own actions. A Defendant cannot be held liable simply because he or she was charged with overseeing a subordinate who may have violated Plaintiff's constitutional rights. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir.

3

2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Instead, individual liability requires some active unconstitutional behavior on the part of the Defendant. *Peatross*, 818 F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Consequently, unless Plaintiff affirmatively pleads the direct involvement of the Defendant in the allegedly unconstitutional action, the Complaint fails to state a claim against that Defendant and dismissal is warranted. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Conversely, claims asserted against Defendants in their official capacities are claims directed at the political entity they serve, not the individual Defendant. In this case, the claims asserted against Defendants in their official capacities are claims directed at Mahoning County. *See generally* R. 1; *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). These claims must be based on constitutional violations that occurred as the result of the County's own official policy enacted by its lawmakers, *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)), or by the County's own custom which, while not officially memorialized in an ordinance, is so permanent and well-settled that it carries the force of law. *Monell*, 436 U.S. at 691.

Plaintiff fails to state a claim against any of the Defendants in their individual capacities. He does not include allegations against any Defendant in the body of the Complaint. In fact, he indicates that the Defendants are sued because they are responsible for operating the Justice Center and supervising employees. R. 1, at PageID#: 2. This is not sufficient to impose individual liability on a Defendant. *Peatross*, 818 F.3d at 241. Because he has not alleged facts to suggest that Defendants Ditzler, Righettetti-Rimedio, Traficanti, Greene, Cappibianca, Diangelo, or Kountz

4

personally participated in any of the actions giving rise to this Complaint, the claims asserted against them in their individual capacities are dismissed.

Plaintiff also fails to state a claim against Mahoning County. He does not identify an ordinance enacted by the County that led to the conditions to which he objects, nor does he allege facts suggesting the conditions were the result of an official custom of Mahoning County as opposed to the alleged actions of individuals working within the Justice Center. As a result, his claims against Mahoning County must be dismissed.

      **B.**      **General Conditions Claims**

In addition, Plaintiff's claims, as asserted, fail to state a plausible cause of action. He simply lists grievances, stating them in general terms with no factual explanation. For example, he contends there is a high level of inmate-on-inmate and inmate-on-staff violence. R. 1, at PageID#: 4. He does not allege he was the victim of any such violence, nor does he explain what actions occurred or what he believes constitutes a high level. *Id.* Similarly Plaintiff's unsupported claims pertaining to overcrowding, understaffing, and "lengthy lockdowns," without explanation, do not state a claim. *Id.* at PageID#: 5. His assertion that the facility serves food trays that on more than one occasion have contained contaminates is similarly vague. *Id.* at PageID#: 4. He does not allege that he personally received contaminated food or how often this occurred. The Court would have to make factual assumptions to construct full claims for Plaintiff that move beyond the level of possible liability to plausible liability. This is beyond the scope of a court's liberal construction of a *pro se* Plaintiff's pleading, and it would improperly transform the court from its neutral role into an advocate.

Finally, even with additional facts, some of the Plaintiffs alleged condition claims would not violate the Constitution. Because Plaintiff is a pretrial detainee, his constitutional protections originate from the Due Process Clause of the Fourteenth Amendment, which protects detainees from being "punished prior to an adjudication of guilt" rather than the Eighth Amendment, which applies to prisoners convicted of crimes. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). Like claims of convicted prisoners arising under the Eighth Amendment, a pretrial detainee's claims under the Fourteenth Amendment require that he demonstrate both subjective and objective components. *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 316–17 (6th Cir. 2023).

To satisfy the objective component, a pretrial detainee must demonstrate that he suffered a "sufficiently serious" condition or deprivation in the context of imprisonment. *Id.* at 317. In this regard, it is well-established that the Constitution does not mandate comfortable prisons or jails. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, only allegations of "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" are sufficient to state a claim. *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992) (citations omitted).

To satisfy the subjective component, a pretrial detainee must show that a Defendant official "not only acted deliberately (not accidentally), but also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)); *see also Helphenstine*, 60 F.4th at 317.

Several alleged conditions Plaintiff lists are not objectively and sufficiently serious to rise to the level of a constitutional violation. *See generally* R. 1. Failure to provide self-help

6

programming, a law library, or special food trays do not rise to the level of a constitutional violation. Moreover, a hair on a food tray, or shoes with insufficient arch support are not extreme deprivations that trigger constitutional protections. These fail to state a claim upon which relief may be granted.

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: April 24, 2024 /s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE